308 So.2d 878 (1975)
ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC.
v.
Delores and Mitchell LENNIX, Jr.
No. 6619.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
Graffagnino, Perez & Barbera, Donald G. Perez and D. Brian Soignier, Metairie, for plaintiff-appellant.
Daniel E. Becnel, Jr., Reserve, for defendant-appellee.
Before BOUTALL, SCHOTT, and MORIAL, JJ.
SCHOTT, Judge.
Plaintiff, on November 19, 1973, brought this suit for $764.47 alleging that this was the balance on a promissory note executed by defendants on July 17, 1972, in the original sum of $974.88, payable in 36 monthly installments of $27.08, beginning on September 2, 1972, and that they failed to pay the installments becoming due on and after May 2, 1973.
*879 Defendants originally filed a general denial and shortly threafter amended their answer denying their signatures on the note, together with a third-party petition in which they made Copeland Furniture Company third-party defendant, alleging that they had purchased a color television set from Copeland which broke three days after the purchase and has never functioned properly since; that they made formal demand on Copeland to rescind the sale; and that Copeland illegally obtained the signatures on a promissory note purporting to be defendants discounting the note to plaintiff.
This third-party petition does not purport to be a reconventional demand on its face but there is the prayer "that in accordance with the third-party petition request that the contract of sale be rescinded and that any monies discounted by Associates Financial Services of America, Inc. be refunded by the third-party defendant to the original plaintiffs and that the petitioners be held free of any liability in connection with this suit, and for all general and equitable relief." There is also attached to the third-party petition an order reading as follows:
"IT IS ORDERED that Copeland Furniture Company be served with a copy of this third-party petition and that they be duly cited to show cause on the 12th day of December, 1973, at 10:00 o'clock AM, why the contract of sale should not be rescinded and why the monies discounted by Associates Financial Services of America, Inc. should not be refunded by Associates Financial Services of America, Inc. to the original plaintiff."
Copeland answered the third-party petition stating that after the television set was delivered to the Lennixes no attempt was ever made to return it; that a payment was made after the three day period from the date of sale and that the television set was still in the possession of the Lennixes as of December 27, 1973.
After a trial, from which Copeland was absent and unrepresented, judgment was rendered in favor of defendants dismissing plaintiff's suit on the main demand, awarding to them $210.41 on their reconventional demand against plaintiff, and on their third-party demand against Copeland ordering it to pick up the television set and casting Copeland for attorneys' fees of $300.00 in favor of the Lennixes. From that judgment only plaintiff has appealed.
The "note" sued on is a "retail installment contract" between Mitchell Lennix, Jr. and Discount Appliances, dated July 17, 1972. It contains a promise to pay to the order of Discount Appliances 36 monthly payments of $27.08, commencing September 2, 1972, and monthly thereafter until paid. It purports to contain the signature of Delores Lennix but not that of Mitchell Lennix, Jr. On the reverse side there is an assignment of the "contract and note" to plaintiff executed by Discount Appliances on July 17, 1972.
A representative of plaintiff testified that Discount Appliances and Copeland are one and the same, that after the contract was purchased from Copeland the account was established in defendants' names and a number of payments were paid on the account between September 1, 1972, and March 19, 1973.
Delores Lennix testified that she purchased the television set from Copeland; that she did not sign the sales agreement although she did sign a receipt for the set when it was delivered, such receipt being on an invoice of Discount Appliances, Inc. to Mr. and Mrs. Mitchell Lennix, Jr. for the television set; that the television set never worked properly despite attempted repairs by two different repairment, one sent by Copeland and the other employed directly, and that upon being informed by the second technician that the television set contained a factory defect she made no further payments.
Mitchell Lennix, Jr., testified that he had not given his wife permission to buy the *880 television and when first delivered told her to send it back to the seller. Shortly after its delivery it broke and despite the repeated attempts to repair it it did not perform properly.
While plaintiff characterized its suit as one brought by the holder of a promissory note executed by both defendants, it is apparent that Mitchell Lennix, Jr. is not vulnerable on this basis since the note does not even purport to bear his signature. See LSA-R.S. 7:18. The uncontradicted testimony of Mitchell Lennix, Jr. is to the effect that his wife was not authorized to sign the note as his agent so that the provisions of R.S. 7:19 are inapplicable.
As to the liability of Delores Lennix on the "note" sued on, the retail installment contract seems to contain the elements set forth in R.S. 7:1 et seq. required in a negotiable instrument and if plaintiff qualified as a holder in due course it might have the right afforded such a holder under R.S. 7:57, but in order to qualify as a holder in due course the instrument must be complete and regular upon its face, R.S. 7:52, whereas this instrument on its face purports to be an agreement between Mitchell Lennix, Jr. and Discount Appliances and yet is nowhere signed by Lennix but bears the signature as maker of Delores Lennix alone. Furthermore, the so-called note does not contain an endorsement but by its own terms purports to be an assignment of the rights of Discount Appliances in the retail installment contract to plaintiff. Thus, plaintiff's position is more properly considered that of an assignee of the sales contract rather than the holder of a negotiable instrument and as such plaintiff stands in the shoes of the seller of the television set, Copeland.
The trial judge found that the television set contained a redhibitory defect based upon the uncontradicted testimony of the defendants. Upon our review of the record we find no basis for disturbing this
factual determination and defendants are entitled to have the judgment affirmed insofar as it decrees a return of the television set to Copeland and a discharge of the defendants from any further payments of the purchase price.
As to the judgment against plaintiff for $210.41 on the reconventional demand the defendants did not plead or serve on plaintiff a reconventional demand so that there is no procedural basis for that portion of the judgment. Defendants did not file a brief or appear for oral argument in this Court so that we do not have the benefit of any theory they may have suggested to support the efficacy of their reconventional demand.
Accordingly, that portion of the judgment ordering plaintiff to refund to Delores and Mitchell Lennix, Jr. the sum of $210.41 is reversed and set aside, while in all other respects the judgment appealed from is affirmed.
Reversed in part, affirmed in part.