SAMUEL, Judge.
Plaintiffs, widow and children of Girard Marshall, filed this wrongful death action against the Greater New Orleans Expressway Commission seeking to recover damages for the death of their husband and father. Mr. Marshall was killed when the car he was driving in a southerly direction missed a curve at the south end of the Lake Pontchartrain Causeway and struck a concrete toll booth. Defendant answered, denied negligence on its part, and alleged contributory negligence on the part of the decedent in operating his vehicle at too fast a speed while under the influence of alcohol.
After a trial on the merits, judgment was rendered dismissing the suit. Plaintiffs have appealed.
The decedent was the only occupant of his vehicle and there were no witnesses to the accident. The collision occurred at approximately 9:30 p. m. on December 20, 1973. Mr. Marshall died 10 days later.
In this court appellants point to the absence of a warning sign or signs at the time of the accident and they rely on the case of Vervik v. State, Department of Highways,[1] which stands for the proposition that when a curve is dangerous, the failure to post an adequate warning sign is the legal cause of an accident resulting from a driver’s failure to properly negotiate the curve.
Appellants argue the trial judge committed error by not admitting evidence to show the nature of the curve in its entirety, namely that it was a sharp 6V20 “S” curve, and by relying on ball bank indicator results rather than considering the nature of the curve in its entirety. They contend ball bank indicator tests are not applicable where, as in the Vervik case and in the present case, the driver does not negotiate the curve but simply drives straight through it.
It is not necessary for this court to reach a decision on the dangerous nature of the curve or whether the trial judge committed error by relying on ball bank indicator tests. The record contains more than sufficient evidence to show the decedent knew of the existence of the curve and that its surroundings gave adequate notice to oncoming drivers of its existence, thereby obviating the need for a specific sign.
*726 The officer who investigated the accident, as well as appellant’s expert civil engineer, testified the causeway begins a downward slope approximately 500 feet from its southern end. At this point the lights on the south toll plaza were clearly visible to an approaching motorist, as were two light standards at the extreme end of the bridge. As a driver approaches the southern end of the bridge at night, the lights on the toll plaza become visible, then the 4 inch high raised painted curves in the plaza are visible markings to show the lanes of travel. The toll booth structure itself can be seen from a great distance.
In addition, approximately Vs of a mile from the south end of the causeway, a sign, which read “Speed Zone Ahead”, was posted to indicate an impending reduction of speed. Approximately ¼ of a mile from the end of the bridge an additional sign instructed the motorist to lower his speed to 50 miles per hour. At the point where the 50 mile per hour speed limit sign was posted, the lights of the toll booth structure were clearly visible to approaching motorists.
The record shows the speedometer in decedent’s vehicle was stuck at 72 miles per hour after the collision, and the vehicle’s battery was thrown from under the hood into the toll booth area, a considerable distance away.
Here, the evidence shows the accident was not caused by negligence on the part of the defendant. As has been pointed out, in the present case numerous signs, lights and other physical structures gave warning of the existence of the toll booths and of the curve. This and the fact that the decedent was familiar with the area and the curve are sufficient to justify the trial court’s conclusion, with which we agree, that the sole cause of the accident was the decedent’s excessive speed and apparent lack of attention in the operation of his vehicle.
The Vervik case is not applicable. In Vervik the decedent was not familiar with the area, trees and a ditch associated with the curve were situated in such a way as to cause a driver to presume the road continued in a straight line, and the evidence did not indicate the vehicle was operated at an excessive rate of speed.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. La., 302 So.2d 895.