WILLIAMS, Judge.
The plaintiff has appealed from a judgment holding that a collateral mortgage was invalid.
Colonial Bank [“Colonial”] filed a suit for executory process seeking to enforce a promissory note executed by defendant Marina Seafood Market, Inc. [“Marina”]. The note was a Hand Note in excess of $100,-000.00 that was secured by the pledge of a collateral mortgage note that appeared to have been signed by Deloredeen Dicket, wife of/and Bertrand E. Pomes; Evelyn Chaisson, wife of/and Ronald S. Tardo; and Philip S. Robin. This action has been *1002 brought only insofar as it affects Robin’s property.
The collateral mortgage note was par-aphed “Ne Varietur” for identification with an act of collateral mortgage signed by the same parties. After the suit for executory process was filed, the property owned by defendant Robin was scheduled to be sold at a Sheriff’s sale. Prior to the sale, Robin obtained a temporary restraining order on the ground that his signature on the collateral mortgage note was forged. Later, a preliminary injunction was granted prohibiting the sale of Robin’s property on the same basis that the temporary restraining order was granted.
Colonial then amended its petition and converted the action from via executiva to via ordinaria. The petition also requested that the court recognize the mortgage held by Colonial as being a valid lien upon Robin’s property. After a trial on the merits, the court ordered that the collateral mortgage held by Colonial be cancelled insofar as it affected property owned by Robin. Once again, the court held that Robin’s signature did not appear on the collateral mortgage note and because the collateral mortgage was accessorial to the note, the mortgage itself was invalid.
At trial, testimony taken at the hearing for the preliminary injunction was introduced into evidence and further testimony of Robin, A1 Hebert, vice-president of Colonial, and Richard A. Tonry, the Notary before whom the collateral mortgage and collateral mortgage note were signed, was taken. Testimony of an assistant vice-president of Colonial was presented as to the amount outstanding on the promissory note.
The testimony produced is conflicting. Robin testified that he did not sign the collateral mortgage note. He also testified that he was misled by Colonial as to the effect of the document that he was signing when he signed the collateral mortgage itself; he was told that he was signing a release of his state oyster leases as security for the mortgage. He claimed not to be aware of the fact that his real property was being used as collateral.
Colonial has presented five issues on appeal: (1) did Robin have to receive loan proceeds for the collateral mortgage to be a valid encumbrance upon his property; (2) can a person mortgage his property to secure the debt of another; (3) did Robin intend that the collateral mortgage note be effective, i.e. did Robin intend to mortgage his property; (4) did the absence of Robin’s signature on the collateral mortgage note invalidate the collateral mortgage; and (5) is the hand note or collateral mortgage note evidence of the indebtedness.
Because we find that the trial court was within its discretion in finding that there was a failure of- Robin to execute the collateral mortgage note, thus causing the mortgage itself to be invalid, we need not reach any other issues.
Colonial has argued that the facts adduced at trial are indicative of Robin’s intent to mortgage his property for Marina Seafood, Inc. and specifically direct our attention to the following: (1) Robin’s relationship to Marina Seafood, Inc., as a shareholder; (2) Robin’s completion of the financial statement required by Colonial before it would approve the mortgage; (3) Robin’s acknowledgement that he probably had signed other credit applications, thus making it reasonable to assume that he knew what he was doing on this occasion; (4) Mr. Hebert’s testimony that he told Robin that it was necessary for Colonial to receive a second mortgage on his home in order to secure a loan for Marina; (5) Robin’s delivery of a legal description of his real property to Richard Tonry, the Notary before whom the mortgage was passed; and (6) Robin’s signing of the collateral mortgage itself.
Robin, however, testified unequivocally that he was not a shareholder in Marina, and that he was never told that it was his real property being mortgaged. He also testified that he had not signed the collateral mortgage note.
We find that Robin’s property has not been mortgaged. The collateral mortgage is based upon the execution of four steps: *1003 (1) an act of collateral mortgage; (2) a collateral mortgage (“Ne Varietur”) note; (3) an Act of Pledge; and (4) a Hand Note. For a comprehensive explanation of the mechanics of the collateral mortgage, see Nathan & Marshall, The Collateral Mortgage, 33 La.L.Rev. 497 (1973).
In their article, authors Nathan and Mar-shall stated:
“[T]he collateral mortgage device is neither fully pledge nor fully mortgage. One must remember that it is a hybrid and to be effective it must employ both security devices. In the collateral mortgage, pledge and mortgage are inextricably bound together, since the device requires the pledge of a mortgage note. Without an act of mortgage, there can be no mortgage note; without a mortgage note, there is no collateral to be pledged; without the pledge of the note, the mortgage is dormant and there is no obligation secured by the mortgage.” (Emphasis in original)
Id. at 521. It is clear, therefore, that every step of the collateral mortgage process is inextricably intertwined with the others.
In the case now before the court, defendant Robin did not sign the hand note; he claims not to have signed the collateral mortgage note; he claims to have signed the collateral mortgage through mistake; and no evidence whatsoever of pledge was introduced at trial. Furthermore, we note that the hand note on which Colonial sued was greater than the collateral mortgage note.
Based on the evidence presented at trial, there was no manifest error in the finding of the court below that Robin had not signed the collateral mortgage note. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Although the collateral mortgage note is not evidence of the debt, except in cases proceeding by means of executory process, it nevertheless is that which has been pledged. See Cameron Brown South, Inc. v. East Glen Oaks, Inc., 341 So.2d 450, 456 (La.App. 1st Cir. 1976). The collateral mortgage note is invalid and the pledge is also. The situation in the instant case is one in which the entire procedure by which a collateral mortgage is executed and enforced has broken down.
For the foregoing reasons, the decision of the trial court is affirmed, at appellant’s cost.
AFFIRMED.