480 So.2d 842 (1985)
FIRST SECURITY BANK AND TRUST COMPANY, Appellee,
v.
Bobbie K. DOOLEY and Vol S. Dooley, Jr., Appellants.
No. 17343-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
*843 Joel M. Sermons, Shreveport, for appellee.
Sessions, Fishman, Rosenson, Boisfontaine & Nathan by Robert C. Lowe, New Orleans, for appellant, Bobbie K. Dooley.
Sockrider, Bolin & Anglin by H. F. Sockrider, Jr., Shreveport, for appellant, Vol S. Dooley, Jr.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is a suit for default on two promissory notes. The plaintiff, First Security Bank & Trust Company, sued the maker of the notes, Bobbie K. Dooley and her husband, Vol Dooley. The trial court awarded judgment for the plaintiff against Bobbie K. Dooley individually and against Bobbie K. Dooley and Vol Dooley, in their capacity as owners, co-partners and managers of the community in existence at the time the obligations were incurred. Defendant, Vol Dooley, appeals asserting he should not be held individually liable for debts incurred solely by his wife without his knowledge, consent, or authority.

FACTS
Defendant, Bobbie K. Dooley, borrowed money on two occasions from First Security Bank & Trust Company and executed two unsecured promissory notes to evidence the debts. The first note was executed on August 22, 1983 for the principal sum of $7,828.14. The second note was executed on September 15, 1983 for the principal sum of $2,083.97. The parties have stipulated that the Dooleys were married and living together at the time the notes were executed. However, the parties physically separated in late October of 1983. Mrs. Dooley filed a suit for legal separation against her husband on January 9, 1984. The instant collection action was filed on June 15, 1984 and consolidated for trial with the separation suit. Bobbie K. Dooley, filed a third party demand against her husband claiming that if she was held liable on the notes, then he should be held responsible for one-half of the judgment since the notes were a community obligation. Vol Dooley filed an exception of no right and/or no cause of action to his wife's third party demand claiming that the obligations sued on were not community obligations and alternatively, he claimed that she had no cause or right of action under Louisiana law to seek a judgment against him.
The trial court found the two notes were signed by Bobbie K. Dooley without the knowledge, consent or authority of her husband. However, the trial court ultimately found the debts were incurred for the common interest of the community and were, therefore, a community obligation. Accordingly, the lower court awarded judgment against Bobbie K. Dooley individually, and against Bobbie K. Dooley and Vol Dooley as co-owners of the community in existence at the time the obligations evidenced by the notes were incurred.

DISCUSSION
Vol S. Dooley appeals the trial court's ruling asserting that he should not be held individually liable on the two notes. He initially argues that the notes are not community obligations under LSA-C.C. art. 2360.[1] Alternatively, he argues that if the notes are community obligations, there should be no individual or personal liability on his part.
Appellant's initial argument that the notes are not community obligations rests upon two separate theories. First, Mr. Dooley contends that since the loans were made without his permission, authority, *844 or knowledge they are not community obligations. We disagree. Under LSA-C.C. art. 2346, either spouse, acting alone may manage, control, or dispose of community property unless otherwise provided by law. Comment (a) to article 2346 states:
This provision establishes the principle of equal management of community property. Each spouse has the right to manage community property without the consent or concurrence of the other spouse unless otherwise provided by law. (emphasis added)
The exceptions specifically provided by law are then set forth in the following article, LSA-C.C. art. 2347, none of which apply to the instant case. Thus, by law, Bobbie K. Dooley had the managerial authority to incur a community obligation, notwithstanding the lack of her husband's consent or concurrence.
Secondly, Mr. Dooley contends that the notes do not represent a community obligation because they were incurred neither for the common interest of the spouses nor solely for his interest alone. As noted above, the trial court found the loans were incurred for the common interest of the spouses. This being a factual determination it will not be disturbed on appeal in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The weight of the evidence presented in the instant case indicates that the loans were incurred for the common interest of the spouses. Mrs. Dooley testified that the proceeds of the loans were spent on home improvements. The fact that the Dooley home was extensively renovated before the parties physically separated was clearly established by testimony and photographs. Mr. Dooley himself admitted that considerable sums were spent on home improvement. Both parties obviously benefited by the improvements which cost between $12,000 and $16,000. Mr. Dooley was aware of these improvements, participated in the selection of certain items, lived in the home after the improvements were made, and particularly enjoyed the new jacuzzi his wife had installed. Based upon the evidence presented, we do not find the trial court was manifestly erroneous in finding that the loans were incurred for the common interest of the spouses, and thus were community obligations.
We recognize that the trial court found that a part of the proceeds was spent on a major son's education. However, this expenditure, standing alone, does not affect the status of the loans as community obligations. LSA-C.C. art. 2361[2] creates the presumption that all obligations incurred during the existence of the community are community obligations, except as provided by LSA-C.C. art. 2363. Article 2363 provides in pertinent part:
A separate obligation of a spouse is one incurred by that spouse prior to the establishment or after termination of a community property regime, or one incurred during the existence of a community regime though not for the common interest of the spouses or for the interest of the other spouse. (emphasis added)
The community character of the instant loan obligations is not affected by the expenditure for the major son because according to the evidence this expenditure was for the common interest of the spouses. Mr. Dooley testified that he would "have no complaint" about his wife doing anything for their children. Even if Mr. Dooley was unaware of his wife actually providing financial assistance to their children, he did not oppose such assistance. Thus, he had a common interest in such expenditures. His wife's action in utilizing a portion of the loan proceeds for this purpose merely relieved him of the need to act.
Secondly, even assuming arguendo that obligations incurred to aid major children *845 are not for the common interest of the spouses, we conclude that Mr. Dooley failed to overcome the presumption of community indebtedness. LSA-C.C. art. 2361. While part of the loan proceeds in the instant case may have been spent on a major son, there is no indication of how much was spent for this purpose. On the contrary, the weight of the evidence suggests that most of the loan money was spent for the intended purpose, home improvements. Thus, in the absence of any showing that a specific amount was used to aid the major child, we find the lower court did not err in concluding that Mr. Dooley failed to overcome the article 2361 presumption.
Since we have concluded the trial court did not err in finding the two notes to be community obligations, we now address the extent of Mr. Dooley's liability.
The trial court held Mrs. Dooley individually liable and both Mr. and Mrs. Dooley liable as co-owners of the community property regime in existence at the time the debts were incurred. In reaching this result the trial court utilized LSA-C.C. art. 2345, which provides for satisfaction of obligations during community. We do not find the trial court was in error in its application of the law. However, if there is a final judgment in the consolidated separation suit before the subject notes are satisfied, then the governing authority will be LSA-C.C. art. 2357, which provides for satisfaction of obligations after termination of the community. Under either article the result in the instant case remains the same. Mrs. Dooley is liable both individually and as a co-partner and/or owner of the community, since she is the spouse who incurred the obligations. The debts may be satisfied from her separate property or from her interest in the community. Mr. Dooley, on the other hand, is only liable up to the "value" of his interest in the former community. See Spaht and Samuels, Equal Management Revisited, 40 La.L.Rev. 83, 126 (1979); and Bridgeman & Conway v. Korner Realty Co., 405 So.2d 344 (La.App. 4th Cir.1981).
Finally, Mr. Dooley claims that the trial court overruled his exception of no right and/or cause of action and requests that we reverse that ruling. It does not appear, however, that the lower court overruled Mr. Dooley's exception. In fact, the judgment below is silent with regard to Mrs. Dooley's third party demand. This silence constitutes a rejection of that demand in the absence of a special reservation. Guaranty Bank & Trust Co. v. Carter, 394 So.2d 701 (La.App. 3d Cir.1981); Marshall v. Greater New Orleans Expressway, 372 So.2d 724 (La.App. 4th Cir. 1979), and cases cited therein. There being no express reservation in the judgment, Mrs. Dooley's third party demand is considered as having been rejected by the trial court. This rejection has the same effect as sustaining Mr. Dooley's exception.[3] Mrs. Dooley has not appealed. Therefore, the judgment dismissing her third party demand is final and not before this court. Guaranty Bank, supra 394 So.2d at 702.
For the reasons hereinabove expressed, paragraphs 3 and 4 of the lower court's judgment are amended to clarify the extent of appellant's liability as follows:
* * * * * *
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, First Security Bank and Trust Company, and against Bobbie K. Dooley, individually and against Bobbie K. Dooley and Vol S. Dooley in their capacity as owners, co-partners and managers of the community of acquets and gains that was in existence between them at the time the obligations were incurred, with Vol S. Dooley's liability being limited to the extent of his interest in the community property pursuant to LSA-C.C. art. 2345 *846 or 2357, on note one in the full and true sum of $8,479.62, together with judicial interest from date of judicial demand until paid for all costs of this proceeding. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, First Security Bank and Trust Company, and against Bobbie K. Dooley, individually and against Bobbie K. Dooley and Vol S. Dooley in their capacity as owners, co-partners and managers of the community of acquets and gains that was in existence between them at the time the obligations were incurred, with Vol S. Dooley's liability being limited to the extent of his interest in the community property pursuant to LSA-C.C. art. 2345 or 2357, on note two in the full and true sum of $2,257.21, together with judicial interest from date of judicial demand until paid for all costs of this proceeding.

* * * * * *
Costs of this appeal are assessed to appellant, Vol S. Dooley.
JUDGMENT AMENDED; AND AS AMENDED, AFFIRMED.
NOTES
[1] LSA-C.C. art. 2360: Community Obligation

An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.
[2] LSA-C.C. art. 2361: Obligations incurred during marriage; presumption

Except as provided in 2363, all obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations.
[3] This result is further supported by examination of the trial court's opinion, wherein the trial court expressly sustained Mr. Dooley's exception and dismissed Mrs. Dooley's third party demand. These portions of the opinion, however, were not incorporated into the final judgment for some unknown reason.