496 So.2d 381 (1986)
Mary Elizabeth McGhee, Wife of Warren J. LEDET
v.
Warren J. LEDET.
No. CA-5143.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearing Denied November 19, 1986.
*382 Lanny R. Zatzkis, Karen D. McCarthy, New Orleans, for plaintiff.
Donald S. Martin, New Orleans, for defendant.
Before GULOTTA, KLEES and BYRNES, JJ.
GULOTTA, Judge.
In this action to partition a community, the former husband appeals from a judgment holding certain loans made by his wife without his knowledge to be communuity debts. Although we conclude the trial court properly found six of the seven loans to have benefitted the community during the existence of the marriage, we hold that the final $2,500.00 loan, which was incurred post-divorce, is not a community liability. Accordingly, we amend and affirm.
The wife borrowed the funds in violation of federal law from the Judicial and Justice Federal Credit Union without her husband's knowledge. On September 28, 1983, following the parties' March 17, 1983 divorce, she pled guilty to making false entries to a federal credit union and, as a condition of her probation, agreed to make restitution in the sum of $33,113.11 secured by a $35,000.00 collateral mortgage on the former marital home. In her descriptive list of community assets and obligations in this partition suit, Mrs. Ledet designated the collateral mortgage obligation as a community debt. On a rule to traverse the inventory, the husband claimed that the loans were the wife's separate obligation because she had obtained the money fraudulently without his knowledge.
At the hearing on the rule, the wife stated that the $33,113.11 balance was composed of the following debts:
1) a $5,321.78 balance on a loan originating from an earlier loan on August 22, 1978 in the name of Warren Ledet that had been used to pay for their older daughter's college tuition;
2) a $6,259.80 balance stemming from an earlier loan incurred on September 28, 1977 that had been used to pay for the tuition of their two daughters;
3) a $8,300.04, balance on a loan dated April 11, 1979 to pay for a 1979 Oldsmobile used by the wife;
4) a $3,549.70 balance on a June 2, 1981 loan used for tuition;

*383 5) a $3,026.79 balance on a loan dated March 3, 1978 to pay for a 1978 Chevrolet Impala for the older daughter;
6) a $4,155.00 balance on a December 7, 1981 loan used to pay for the cost of a daughter's wedding;
7) a $2,500.00 balance on a loan dated July 1, 1983 to pay for living expenses for the wife and the minor daughter after the termination of the marriage.
According to the wife, all the loan proceeds were deposited into the spouses' joint checking account or were cashed and used for the benefit of the community or their children. On the other hand, the husband testified that even though his wife handled all of the checks in their joint account during the marriage he had not authorized his wife to make the loans except for the two automobiles.
In written reasons the trial judge concluded that even if the funds had been fraudulently obtained without the knowledge of the husband they had been used for purposes that benefited the community. The judge noted that the husband had failed to overcome the presumption that the loans incurred during the existence of the community were community debts. Following a partial retrial the earlier findings were followed and incorporated into the partition judgment.
Appealing, the husband contends the trial court erred in characterizing the total loan obligation as a community debt where the evidence failed to establish that the funds were used for community benefit. He further points out that four of the seven loans were not listed on either party's descriptive list and that the trial court erred in placing the burden of proof on him to overcome the presumption of their community character where the loans were fraudulently obtained by the wife in violation of federal law.
At the outset, we reject the husband's contention that the trial judge should have excluded testimony concerning four of the seven loans that were not specifically designated in the wife's descriptive list of community assets and liabilities. Although it is true that the wife listed only three of the seven loans by number, she likewise listed a $33,000.00 collateral mortgage executed on September, 15, 1983 on the former marital home. At the hearing on the rules to traverse, the wife testified that the $33,113.11 balance due on this mortgage comprised the seven earlier loans at issue, including the three specifically itemized in her descriptive list. Her testimony merely particularized the $33,000.00 collateral mortgage debt designated in her descriptive list. Under the circumstances, we find no error in the trial judge's ruling permitting evidence of the seven loans.
We further find no error in the trial judge's characterization of six of the seven loans as community obligations.
LSA-C.C. Art. 2360 provides that an obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation. Except for separate obligations discussed in LSA-C.C. Art. 2363, all obligations incurred by a spouse during the existence of the community property regime are presumed to be community obligations. See LSA-C.C.Art. 2361. An obligation resulting from a spouse's intentional wrong not perpetrated for the benefit of the community, however, is a separate obligation. See LSA-C.C. Art. 2363.
Applying these articles to the facts of the instant case, the trial judge properly concluded that even though Mrs. Ledet may have fraudulently obtained the loans without her husband's knowledge, the community was enriched by the loan proceeds. Mrs. Ledet raised the presumption of the community character of the funds under LSA-C.C. Art. 2361 when she testified that the loan checks were deposited in the community account or cashed and expended for the children's tuition, the wife and daughter's automobiles, and the daughter's wedding expenses. Mr. Ledet testifed that he and his wife had to borrow money to buy the cars, and that he had intended to pay *384 for his daughter's wedding within their means. Ledet entrusted his wife with the joint account and relinquished his responsibility for check writing to her. Although the wife obtained the loans in violation of federal law, the wrong was perpetrated for the community's benefit. Under these circumstances, the trial judge properly characterized the six loans as community debts.
In First Sec. Bank & Trust Co. v. Dooley, 480 So.2d 842, (La.App. 2nd Cir.1985), our brothers on the Second Circuit rejected a similar argument by a husband who contended that loans made by his wife without his permission were not community obligations. The Dooley court pointed out that the expenditures of the loan proceeds were for the common interest of the spouses where they were made to pay for home improvements and the major son's education without the husband's opposition. Similarly, in First State Bank & Trust Co. v. Fireman's Fund Ins. Co., 399 So.2d 729 (La.App. 1st Cir.1981), where a wife embezzled money and deposited the funds in a community account, there was presumptive proof of a benefit to the community and the husband was held liable for the repayment. These cited cases are persuasive for our holding in the instant case.
We do find merit, however, to the husband's contention that the final $2,500.00 loan in the name of "Stacey E. Ledet and Elizabeth Ledet" is not a community indebtedness. Mrs. Ledet testified that this loan was made to pay for the living expenses of herself and her minor daughter after the dissolution of the marriage. Because the loan is dated July 1, 1983, after the March 17, 1983 divorce, it was not incurred during the existence of the community and therefore is not presumed to be community in nature. Furthermore, it was not used to satisfy an obligation of the former community, but rather to rectify the divorced husband's alleged failure to support his former wife and child. This claim is more properly the subject of an action for alimony and child support rather than in this partition suit. Accordingly, we reverse and set aside that portion of the trial court's judgment insofar as it includes this $2,500.00 loan within the total community obligation.
Consistent with the foregoing, we amend the judgment to provide that the sum of $30,613.11 secured by the collateral mortgage is a community debt, but that the last loan in the amount of $2,500.00 a separate debt of Elizabeth Ledet. As amended the judgment is affirmed.
AMENDED AND AFFIRMED.