532 So.2d 378 (1988)
Walter P. KEE & Ann Kee, Plaintiffs-Appellants,
v.
FRANCIS CAMEL CONSTRUCTION, the City of Lafayette, the State of Louisiana. The Ohio Casualty Insurance Company (Dismissed 9/30/83), Defendants-Appellees.
No. 87-793.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Perrin, Landry, de Launay & Durand, Allen L. Durand, Lafayette, for plaintiffs-appellants.
Andrus, Preis & Kraft, Gregory J. Laborde, Walter K. Jamison, Lafayette, for defendants-appellees.
Before DOUCET, LABORDE and YELVERTON, JJ.
*379 DOUCET, Judge.
Plaintiffs-Appellants initially instituted suit in this matter against Francis Camel Construction Company (Camel), the City of Lafayette, the State of Louisiana, and Ohio Casualty Insurance Company.
Plaintiffs sought damages from defendants on a breach of contract theory or quantum meruit. Specifically, plaintiffs complained that Camel did not adequately compensate them for the use of their property. Additionally, plaintiffs sought damages for the destruction of trees, grass, shrubs, etc ... located on their property.
After a trial on the merits, the lower court found that the parties had never had a meeting of the minds as to the compensation for the use of plaintiffs' property and therefore there was no valid contract in existence. Furthermore, the lower court found that Camel Construction damaged property (trees, shrubs and grass) belonging to plaintiffs during the construction project and awarded $4,000.00 for this damage.
A partial new trial was heard and the court at this time reduced the amount of damages previously awarded for the replacement of the trees, shrubs and grass to $2,333.98. Specifically, the court found that plaintiff had executed a right-of-way to the state and since Camel Construction was performing within the right-of-way grant conveyed to the state, plaintiffs were not entitled to compensation for any trees removed within the right-of-way.
Plaintiffs thereafter filed a Motion for New Trial urging that the right-of-way grant which was only executed by the husband was null and void and that they should be compensated for all trees removed, including those removed which were within the right-of-way. The court found that the wife, Mrs. Kee, ratified the agreement. Specifically, the court found that Mrs. Kee, by signing the right-of-way agreement in the capacity of a witness and by allowing the work to proceed, ratified the agreement. Plaintiffs now appeal seeking an increase in damages for trees which were removed within the right-of-way.
Plaintiffs, Mr. and Mrs. Kee, urge that the right-of-way agreement is null and void because Mrs. Kee did not renounce the right to concur. We disagree with this assertion. Pursuant to La.C.C. art. 2353, an alienation, encumbrance or lease of community property by one spouse is a relative nullity unless the other spouse has renounced the right to concur. This relative nullity or defect can be cured by ratification as was recognized in South Central Bell v. Eisman, 430 So.2d 256 (La. App. 5th Cir.1983). In the instant situation, the project lasted over eighteen months. Mrs. Kee admitted that she was aware that this project was taking place. There is no evidence that Mrs. Kee ever objected to her husband signing the right-of-way agreement. Moreover, it is evident that Mrs. Kee was aware of the agreement as she signed the agreement in the capacity of a witness. This court, like the trial court, finds these facts sufficient to constitute ratification of the right-of-way agreement. Thus, we will not disturb the findings of the lower court with respect to this issue on appeal.
Plaintiffs further urge that defendants assured them that they would be compensated for the use of their property and any damages caused to their property, thereby implying that defendants promised to pay for any damaged or removed trees located within the right-of-way. We disagree. There is simply no evidence of this fact in the record. Additionally, plaintiffs urge that Mrs. Kee was not aware that trees were being removed within the right-of-way. We find that there is ample evidence in the record to support the lower court in rejecting this assertion. As previously stated, the project lasted for a period of over eighteen months. The evidence indicates that Mrs. Kee knew that the project was under way and that the trees were being removed. Not once did the Kees ever complain about the removal of the trees located within the right-of-way. Moreover, the record supports the finding by the lower court that plaintiffs did not expect to be compensated for the loss of the trees located in the right-of-way. Thus, *380 we find that the trial court did not err with respect to this issue.
Accordingly, for the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.
AFFIRMED.