609 So.2d 1091 (1992)
TRI-STATE BANK AND TRUST f/k/a First Security Bank & Trust Company, Plaintiff-Appellee,
v.
Warren N. MOORE, Nedra H. Moore, Billy Moore, and Rita McCormack Moore, Defendants-Appellants.
No. 24231-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1992.
George E. Harp, Shreveport, for defendants-appellants.
Pringle & Herzog by R. Perry Pringle, Shreveport, for plaintiff-appellee.
*1092 Before SEXTON, NORRIS and HIGHTOWER, JJ.
SEXTON, Judge.
The defendants, Warren N. Moore and his wife, Nedra H. Moore, and Bill Moore and his wife, Rita McCormack Moore, appeal a trial court judgment in favor of plaintiff, Tri-State Bank & Trust f/k/a First Security Bank & Trust Company (the Bank). Judgment was rendered against Warren N. and Nedra H. Moore in solido on two promissory notes for $121,088.00 plus interest, costs, and attorney fees. Additionally, the judgment recognized a collateral chattel mortgage in the amount of $32,637.61 on a "Komatsu Dozer" and a collateral mortgage in the amount of $100,000.00 on certain described property in Bienville Parish. We amend the judgment to remove any reference to liability on the part of Nedra H. Moore and, as amended, we affirm the judgment.
The bank filed the instant lawsuit to enforce two promissory notes executed by Warren N. Moore, one dated November 4, 1988, in the original amount of $21,764.88 and one dated November 21, 1989, in the original amount of $87,527.47. The lawsuit also sought recognition of a collateral chattel mortgage on a "Komatsu Dozer" executed by Warren N. Moore and a collateral mortgage on certain property in Bienville Parish executed by Warren Moore and Bill Moore. At all pertinent times, Warren Moore and Nedra Moore were and continue to be married to each other and living under a community property regime. Nedra Moore did not sign either of the promissory notes, nor did her signature appear on any of the mortgage documentation.
Following a bench trial, the trial court rendered judgment for the bank, finding Warren and Nedra Moore solidarily liable on the promissory notes and recognizing both the collateral mortgage on the real property and collateral chattel mortgage on the "Komatsu Dozer."[1] As to the promissory notes, the trial court's opinion states that the notes represented a community obligation and the trial court held Warren and Nedra Moore solidarily liable. As to the collateral mortgage on the Bienville Parish property, the trial court noted that the mortgage of community property by only one spouse is a relative nullity. However, the trial court found that Nedra Moore confirmed and ratified the mortgage when she executed a deed on the mortgaged property in favor of A & M Developers, Inc. on June 4, 1989. The deed transferring the property specifically referred to the mortgage executed by Warren Moore. Defendants appeal this judgment.
Defendants first argue that Nedra Moore should not have been found personally liable in solido with her husband on promissory notes which she did not sign. The general rule is that no person is liable on an instrument unless his signature appears thereon. LSA-R.S. 10:3-401; Colonial Bank v. Marina Seafood Market, Inc., 425 So.2d 722 (La.1983); Associates Financial Services of America, Inc. v. Lennix, 308 So.2d 878 (La.App. 4th Cir. 1975).
The trial court imposed personal liability on Nedra Moore as a result of determining that these debts were community obligations. However, a community obligation may be satisfied during the community regime from the community property and from the separate property of the spouse who incurred the obligation. LSA-C.C. Art. 2345; Lawson v. Lawson, 535 So.2d 851 (La.App.2d Cir.1988). It follows that the separate property of the spouse who did not incur the debt cannot be seized to satisfy such a debt. Ford Motor Credit Company v. Corbello, 482 So.2d 203 (La. App. 3rd Cir.1986), writ not considered, 484 So.2d 132 (La.1986). Accordingly, Nedra Moore is not personally liable for separate or community debts incurred by her husband. It is therefore error for the judgment to reflect any liability on behalf of Nedra Moore. Lawson v. Lawson, supra.[2]
*1093 Defendants next argue that the trial court was in error in recognizing the collateral mortgage on the Bienville Parish property. Under LSA-C.C. Art. 2353, the alienation, encumbrance, or lease of community property by a spouse is a relative nullity unless the other spouse has renounced the right to concur. Nevertheless, such a relative nullity can be cured by ratification by the other spouse. Kee v. Francis Camel Construction, 532 So.2d 378 (La.App. 3rd Cir.1988); South Central Bell Telephone Company v. Eisman, 430 So.2d 256 (La.App. 5th Cir.1983), writ denied, 437 So.2d 1154 (La.1983). In Eisman, it was determined that the wife had not ratified a servitude agreement signed only by her husband allowing the telephone company to install an underground conduit and manhole on the Eisman's property. The appellate court found no error in the trial court decision that there had been no ratification in light of evidence that Mrs. Eisman had continuously objected to the location of the manhole on her property and even contacted telephone company officials regarding the problem.
In Kee, ratification by the wife was found to have occurred to cure the relative nullity in a grant of a right-of-way executed only by the husband. The project for which the right-of-way was granted lasted over 18 months. Mrs. Kee was obviously aware of the project, voiced no objection to her husband signing the right-of-way agreement, and was obviously aware of the agreement as she signed the agreement in the capacity of a witness.
We find no error in the trial court's conclusion in the instant case that Nedra Moore's actions constituted a ratification of the relatively null mortgage. Although Nedra Moore apparently did not know of her husband's execution of the mortgage at the time it occurred, she testified that her husband had informed her of the mortgage "a couple of years" prior to the instant trial. Unlike in Eisman, there is no evidence that Mrs. Moore ever objected to the mortgage. Further, and most importantly, Nedra Moore, along with her husband, executed a deed on the mortgaged property. This deed transferred the property to A & M Developers, Inc. The sole consideration specified was that the transfer was subject to the mortgage at issue. The deed executed by Nedra Moore clearly evidences her recognition of the mortgage. The execution of the deed was properly found to have been a ratification of the relatively null mortgage. In light of this determination, it is unnecessary to consider Nedra Moore's claim for damages for the wrongful encumbrance of her property.
Finally, defendants argue that the transfer of the Bienville Parish property to A & M Developers, Inc. released the mortgage as per the terms of the mortgage agreement. Defendants claim that the mortgage by its terms covers all property "... LESS AND EXCEPT tracts subsequently conveyed to other parties." The clause, which is part of the property description contained in the mortgage document more fully provides "The herein described property is intended to include all property acquired by George W. Pope[3] ... LESS AND EXCEPT tracts subsequently conveyed to other parties." This language appears to have been repeatedly copied as part of the property description as, in addition to the mortgage itself, the identical language appears in the document by which defendants acquired the property and in the deed from defendants transferring the property to A & M Developers, Inc.
We do not agree with defendants that the effect of this language was to release the mortgage when the property was sold to A & M Developers. This was not the intent of the language, which appears to have been originally inserted to provide that Mr. Pope was conveying the property he acquired, less that which he subsequently sold. The clause was merely included as a part of the property description which had been maintained through several successive deeds.
*1094 The interpretation of a contract is the determination of the common intent of the parties. LSA-C.C. Art. 2045. A provision susceptible of different meanings must be interpreted with a meaning that renders it effective, not ineffective. LSA-C.C. Art. 2049. Each provision must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. LSA-C.C. Art. 2050. The interpretation proposed by the defendants would not support the purpose of the mortgage, as the mortgage could then be avoided at the will of the defendants simply by transferring the property. The only reasonable interpretation of the clause is that it was intended merely to describe the property at issue as it had been first described in the transfer by Mr. Pope to his vendee and consistently described thereafter.
For the above and foregoing reasons, it is hereby ordered, adjudged and decreed that the judgment appealed from is amended to remove the name of Nedra H. Moore therefrom. In all other respects, and as amended, the judgment appealed from is affirmed. Costs of this appeal are assessed one-half to plaintiff and one-half to defendants.
AFFIRMED AS AMENDED.
NOTES
[1] The recognition of the collateral chattel mortgage is not challenged on appeal.
[2] First Security Bank and Trust Company v. Dooley, 480 So.2d 842 (La.App. 2d Cir.1985), is inapposite. See the discussion to that effect in Lawson v. Lawson, supra at 854-5.
[3] It appears that Mr. Pope is a prior vendor in defendants' chain of title.