| t BYRNES, Judge.
The trial court rendered summary judgment in favor of defendants-appellees, Michelle Toca, wife of, and Wallace J. Landry, III, individually and Landry Properties 7051, Inc., dismissing the claim of the plaintiff-appellant, Claudio Hemb, against them. The judgment also held against Claudio Hemb “as to liability only for the improper filing of a Notice of Lis Pendens.” The amount of liability is not fixed in the judgment. In support of the judgment the trial court issued the following written reasons:
The immovable property at issue is community property. Michelle Toca Landry never signed an Agreement to Purchase. The contract is a nullity. Summary judgment is appropriate.
No other reasons were given. Claudio Hemb appealed. We vacate and remand.
Claudio Hemb executed a purchase agreement dated March 24, 1997, in which he agreed to purchase the property located at 7051 Argonne Blvd. from the Landrys. Mr. Landry signed the agreement, but Mrs. Landry did not. Subsequently, Mr. Landry tendered Hemb a document entitled, “As Is Waiver of Redhibition Addendum to Purchase Agreement.”
| ¡Hemb would not agree to the redhibition waiver and the closing scheduled for April 21, 1997 never took place. The Lan-drys then sold the property in “as is” condition to Landry Properties 7051, Inc., a corporation they formed for this purpose. The Landrys then scheduled a second closing at which they tendered title from the corporation without the waiver of redhibition clause and the “as is” condition language.
Hemb refused to go through with the sale, concluding that the unrestricted title conveyed by the corporation would be only *1032 as good as the corporation, which in turn was only as good as the property, apparently, the only asset of the corporation. In other words, the Landrys having transferred the property to the corporation with the waiver of redhibition clause, Hemb would have no right to pursue them personally for any redhibition claim. Hemb felt that his purchase agreement entitled him to this right.
Hemb then filed this suit and a Notice of Lis Pendens against the Landrys’ and their corporation based on the original contract and purchased another home. Hemb’s petition prays for specific performance and/or damages. He also alleged quasi contractual claims. The Landrys reconvened for damages caused by the filing of the Lis Pendens.
It is undisputed that the immovable property at issue is community property and that neither Michelle Toca Landry nor Landry Properties 7051, Inc. executed a purchase agreement with Hemb. The trial court granted summary judgment in favor of the Landrys for the reasons quoted near the beginning of this opinion, i.e., the nullity of the purchase agreement in the absence of Mrs. Landry’s signature. Hemb does not dispute the fact that Mrs. Landry’s concurrence to the agreement to sell the community family home is necessary. See La. C.C. art. 2347. However, |3Hemb argues that the nullity was relative only and the agreement was susceptible of ratification after the fact by Mrs. Landry, and that Mrs. Landry in fact ratified the agreement.
The Landrys contend that as a matter of law the purchase agreement is an absolute nullity insusceptible of ratification by Mrs. Landry. None of the cases cited by the Landrys support the position that the failure of the spouse to sign may not be cured by ratification, if ratification can be proved. However, LSA-C.C. art. 2353 states in pertinent part:
When the concurrence of the spouses is required by law, the alienation, encumbrance, or lease of community property by a spouse is relatively null unless the other spouse has renounced the right to concur. [Emphasis added.]
Comment “(b)” under this Article states:
An act entered into by a spouse without the concurrence of the other spouse when such concurrence required by law is a relative nullity.
LSA-C.C. art. 2031 provides that: “A contract that is relatively null may be confirmed.”
First Federal Savings and Loan of Warner Robins, Ga. v. Delta Towers, Ltd., 544 So.2d 1331 (La.App. 4 Cir.1989) writ denied 548 So.2d 1250 (La.1989); TriState Bank and Trust v. Moore, 609 So.2d 1091 (La.App. 2 Cir.1992); Kee v. Francis Camel Const., 532 So.2d 378 (La.App. 3 Cir.1988); and South Central Bell Telephone Company v. Eisman, 430 So.2d 256 (La.App. 5 Cir.1983), writ denied, 437 So.2d 1154 (La.1983), all support the proposition that the non-signing spouse may subsequently ratify an unsigned agreement affecting community property.
|4Hemb argues that the ratification may be inferred from the following: (1) Mrs. Landry listed the property for sale; (2) Mrs. Landry concurred in her husband’s execution of the Purchase Agreement; (3) Mrs. Landry signed a special power of attorney on the date of the first closing for her husband to sign for her; (4) Mrs. Landry was involved in the formation of Landry Properties 7051, Inc.; (5) Mrs. Landry signed the act of sale transferring the property to the corporation; (6) Mrs. Landry as president of the corporation signed a resolution authorizing the resale of the property to Mr. Hemb.
Mrs. Landry in her deposition acknowledged that she signed a special power of attorney authorizing her husband to act on her behalf and that that power of attorney contains no “as is” or waiver of redhibition clause. Defendants do not dispute the fact that the power of attorney contains language authorizing the sale to be made with *1033 full warranty. This would normally be sufficient to ratify the original purchase agreement. Had Mrs. Landry wished or intended to limit the warranty to an “as is” sale she could and should have expressed such a limitation in the language of the power of attorney. The power of attorney speaks for itself. At the very least the power of attorney raises a genuine issue of material fact precluding summary judgment in favor of' the defendants at this stage of the proceedings. Accordingly, it was error for the trial court to grant summary judgment in favor of the defendants.
For the foregoing reasons, we vacate the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

JUDGMENT VACATED; CASE REMANDED.