J^GANUCHEAU, J.
Finance One of Houma, L.L.C. (Finance One) filed suit against John W. Barton on two promissory notes dated November 17, 1997, and June 15, 1998. John W. Barton did not sign the promissory notes or any documents relating to the loans evidenced by the notes. All loan documents and promissory notes were signed by Barbara C. Barton, wife of John W. Barton. Barbara C. Barton was not named as a defendant in this suit. The trial court found that the debts represented by the two *740 promissory notes were not community obligations under La. Civil Code art. 2360 and dismissed this suit.
Finance One appeals, asserting that the two promissory notes are debts of the community for which John W. Barton is personally liable.

FACTS

John W. Barton and Barbara C. Barton were married on May 24, 1966, and lived together under the legal regime of a community of acquets and gains from May 24, 1966, until August 5,1998.
On or about November 17, 1997, Barbara C. Barton executed a promissory note in favor of Finance One, in the principal sum of $3,690.00, payable in 24 equal installments of $153.75 each, the first installment due and payable on January 2, 1998, and the final installment on December 2, 1999. John W. Barton did not sign the promissory note.
On or about June 15, 1998, Barbara C. Barton executed a promissory note made payable to Finance One in the principal sum of $2,673.60 payable in 24 equal installments of $111.40 each, the first installment due and payable on July 15, 1998, hand the final installment on June 15, 2000. John W. Barton did not sign the promissory note.
On August 2, 1998, the promissory note dated November 17, 1997, became in arrears when the installment due on August 2, 1998, was not paid. Pursuant to the terms of the promissory note, all remaining installments became due. The sum of $2,207.69 remained due and owing, plus interest, attorney’s fees, and court costs.
On or about August 15, 1998, the promissory note dated June 15, 1998, became in arrears when the installment due on August 15, 1998,' was not paid. Pursuant to the terms of the promissory note, all remaining installments became due. The sum of $1,854.41 remained due and owing, plus interest, attorney’s fees, and court costs.
On August 5, 1998, Mr. and Mrs. Barton filed a judicially approved matrimonial agreement to terminate the legal regime of a community of acquets and gains and to establish a separate property regime.
On September 5, 1998, Barbara C. Barton filed a voluntary petition for bankruptcy under chapter 7 of the Bankruptcy Code.[2]
On November 17, 1998, Finance One filed this lawsuit concerning the November 17, 1997, and June 15, 1998 promissory notes against John W. Barton, alleging that the notes were debts of the community between Barbara C. Barton and John W. Barton and thus John W. Barton was responsible for such debts.
On March 15, 1999, the trial occurred. John W. Barton did not contest that Barbara C. Barton executed the promissory notes, nor did he contest the amounts due |4and owing as alleged by plaintiff. Mr. Barton’s defense was (1) that Barbara C. Barton had filed bankruptcy concerning the debts; and (2) that the promissory notes were the separate debts of Barbara C. Barton because the loan proceeds were used exclusively by Barbara C. Barton to play video poker.
The trial court dismissed suit against John W. Barton finding that the debts represented by the promissory notes were not community debts, as the monies obtained by Barbara C. Barton did not benefit or enrich the community.

DISCUSSION

In assignments of error 1, 2 and 3, Finance One asserts that the trial court erred in finding that gambling debts are not debts of the community and alterna *741 tively, in assignment of error 4, Finance One asserts that the trial court erred in finding that the debts were gambling debts where Barbara C. Barton represented to Finance One’s representatives that the monies were to be used for Christmas and/or for a child’s wedding expenses, which are clearly debts of the community. This court, however, takes a somewhat different view of the issues presented and pretermits the issues of whether the debts were properly classified as gambling debts and whether gambling debts represent community or separate obligations.
Whether an obligation is classified as community or separate is not determinative of the personal liability of the non-incurring spouse for the obligation.
Civil Code article 2345 provides:
A separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation.
Civil Code article 2357 provides in pertinent part:
IsAn obligation incurred by a spouse before or during the community property regime may be satisfied after termination of the regime from the property of the former community and from the separate property of the spouse who incurred the obligation....
If a spouse disposes of property of the framer community for a purpose other than the satisfaction of community obligations, he is liable for all obligations incurred by the other spouse up to the value of that community property.
A spouse may by written act assume responsibility for one-half of each community obligation incurred by the other spouse....
Under these articles, the non-incurring spouse is not personally liable for a debt incurred by the other spouse either during the existence of the legal regime or after its termination irrespective of whether the obligation is classified as community or separate, except in the limited circumstances provided by the second and third paragraphs of Civil Code article 2357, which are not at issue herein. See Kenneth Rigby, Matrimonial Regimes: Recent Developments, 59 La. L.Rev. 465 (1999), (containing a thorough discussion on satisfaction of obligations).
In Lawson v. Lawson, 535 So.2d 851 (La.App. 2 Cir.1988), plaintiff sought to hold her son’s ex-wife liable on two promissory notes executed by her son while he was married. Only plaintiffs son signed the notes. In affirming the judgment, which held that the ex-wife was not personally liable on the notes, the Second Circuit Court of Appeal found:
When the first two paragraphs of Art. 2357 are read together, it is apparent that the non-debtor spouse is not personally liable for separate or community debts incurred by the other spouse unless the non-debtor spouse has disposed of former community property ... and has done so for a purpose other than the satisfaction of community | r,obligations.
Lawson v. Lawson, 535 So.2d at 853.
The Lawson court had no evidence before it that the ex-wife disposed of former community property or that she assumed responsibility for the debt; therefore, it refused to cast her in judgment on the notes.
The Lawson case was followed in TriState Bank and Trust v. Moore, 609 So.2d 1091 (La.App. 2 Cir.1992). In Tri-State Bank and Trust, the creditor/bank filed suit against Mr. and Mrs. Moore to enforce two promissory notes. At all times, Mr. and Mrs. Moore lived under a community property regime. Mrs. Moore did not sign either of the promissory notes, nor did her signature appear on any of the mortgage documentation. The trial court found that these were community obligations and held both Mr. and Mrs. Moore solidarily liable, and they appealed.
The Louisiana Second Circuit Court of Appeal found that:
*742 The general rule is that no person is liable on an instrument unless his signature appears thereon, (citations omitted)
The trial court imposed personal liability on Nedra Moore as a result of determining that these debts were community obligations. However, a community obligation may be satisfied during the community regime from the community property and from the separate property of the spouse who incurred the obligation. It follows that the separate property of the spouse who did not incur the debt cannot be seized to satisfy such a debt. Accordingly, Nedra Moore is not personally liable for separate or community debts incurred by her husband. It is therefore error for the judgment to reflect any liability on behalf of Nedra Moore, (emphasis added) (citations omitted).
Tri-State Bank and Trust v. Moore, 609 So.2d at 1092.
To impose personal liability on Mr. Barton would also violate the provisions of ^Louisiana Revised Statutes 10:3-401(a)(i), which provides that “[a] person is not liable on an instrument unless (i) the person signed the instrument.” See also Colonial Bank v. Marina Seafood Market, Inc., 425 So.2d 722, 724 (La.1983).
In First Guaranty Bank v. Alford, 366 So.2d 1299 (La.1978), the creditor/bank brought an action against Mr. and Mrs. Alford upon default in payment on two promissory notes. The notes at issue were signed only by Mr. Alford. The trial court granted summary judgment in favor of Mrs. Alford, and the bank appealed. In affirming the judgment, the Louisiana Supreme Court stated:
Mrs. Alford has no personal liability on the two notes sued upon. She did not sign either of them.... And inasmuch as she is not a debtor on either of the two notes sued upon she may not be held personally liable thereon.
First Guaranty Bank v. Alford, 366 So.2d at 1305.
Whether the debts are classified as community or separate obligations, John W. Barton’s undivided interest in the former community property only may be seized to satisfy any judgment that may be rendered against Barbara C. Barton. See Lawson v. Lawson, 535 So.2d at 854. Finance One’s petition, nonetheless, requests a judgment against John W. Barton on notes, which he did not execute, that is, debts that he did not incur. Such a judgment, if entered against John W. Barton personally, would have the effect of rendering his separate property liable for such indebtedness in clear derogation of Civil Code articles 2345 and 2357.
Finance One has not obtained a judgment against Barbara C. Barton; therefore, Finance One has no judgment from which former community property in John W. Barton’s possession may be seized. Costs of this appeal are assessed to Finance One | sof Houma, L.L.C.
AFFIRMED.

. In answer to Finance One’s petition to enforce the promissory notes, John W. Barton alleged the discharge in bankruptcy of Barbara C. Barton as an affirmative defense; however, there is no evidence in the record concerning the disposition of the bankruptcy proceeding.