CHASEZ, Judge.
This appeal involves the liability of certain accommodation endorsers on a promissory note.
The note in question is dated August 5, 1963, signed by defendant Carlton Harris as maker, payable to the order of BEARER *458 for the principal sum of $1248.00, with interest at the rate of 8% per annum from maturity until paid, with 25% attorney’s fees on principal and interest. It is payable in monthly installments of $52.00, due on the 5th day of each month, commencing September 5, 1963. It is signed by Martha Harris Hill, Benjamin Johnson and his wife Veater Johnson, and Curry Chambers as endorsers.
Carlton Harris defaulted on October 5, 1963, and this suit was filed against him and his endorsers on January 7, 1964.
On February 19, 1964 an answer was filed on behalf of defendants, Benjamin Johnson, Veater Johnson and Curry Chambers, denying the allegations of the petition in of lack of consideration, partial failure of consideration, novation, payment, and divi-general, and alleging the special defenses sion and discussion.
Fraud was not pled.
A default judgment against Carlton Harris was entered on March 11, 1965.
After trial on the merits the Court below, on October 27, 1965, confirmed the default judgment in favor of plaintiff, CHF Finance Discount “A” Company, Inc., against Carlton Harris, but dismissed the demands of the plaintiff as against Benjamin Johnson, Veater Butler Johnson, and Curry Chambers. The judgment makes no disposition with regard to Martha Harris Hill.
His reasons for judgment indicate that the trial Judge was of the opinion that there had been a failure of consideration insofar as Benjamin Johnson, Veater Butler Johnson, and Curry Chambers were concerned.
Plaintiff-appellant argues that having found consideration for a judgment against Carlton Harris, the maker of the subject note, liability on the part of the accommodation endorsers necessarily followed. It further argues that payment of a judgment is sufficient consideration to support a new note without the necessity of marking the docket “satisfied.” And in any event, plaintiff argues, the accommodation parties here are not entitled to any consideration whatsoever.
On behalf of defendants, it is contended that they discharged their burden by showing that the pre-existing judgment was not in fact paid by introducing the docket of the court rendering the judgment, same not indicating that the judgment was cancelled or satisfied, by testimony of defendant and maker, Carlton Harris, that execution of the prior judgment had been threatened in May or June, 1965, and that the defendant endorsers had no knowledge of the prior judgment.
It appears that the maker of the note in question, Carlton Harris, received $60.00 in cash, and the discharge of the prior judgment existing against him. It is well settled in Louisiana that a preexisting obligation constitutes a legal consideration for a note given in payment of same. Paige v. Mesisco, La.App., 144 So.2d 908; Lucas E. Moore & Co. v. Hursey Transp. Co. Inc., 18 La.App. 56, 137 So. 630; Service Parts Company v. Culpepper, La.App., 142 So.2d 498; Quaintance v. Cook, La.App., 92 So.2d 504. Defendants contend however that the judgment in this case was not in fact paid.
There need not be consideration flowing to an accommodation endorser. LSA-R.S. 7:29 provides that:
“An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.”
However, we believe that such a party stands in the shoes of the maker, and if *459 the maker could show partial failure in the consideration flowing to him, then so can those sought to be held as his accommodation endorsers.
Defendant-appellee-endorsers in this case seek to show that the pre-existing judgment was not in fact paid. They introduced a copy of the docket in the proceedings leading to the prior judgment and base their argument on the fact that the document is not marked “paid”, “cancelled”, or “satisfied”, in some manner. However, payment is the factor here; and cancellation of the judgment in the mortgage office and satisfaction of the docket are not involved in payment of the judgment and form no part of the substance of payment. As pointed out by counsel for the appellant, “a judgment can in fact be paid and the docket never satisfied, and a docket can be satisfied in error when the judgment has not in fact been paid.”
Plaintiff, through the introduction of its records, ledger cards, cancelled checks, and the testimony of its manager at the time these events occurred, established that the sum of $1,170.29 of the new note in the amount of $1,248.00 went to cancel the debt which the prior judgment represented, subject to credits for payments which defendant Harris had made thereon.
In support of their contention, defendants point to a writ of fieri facias which had been issued pursuant to the prior judgment and remained outstanding until October 11, 1965, some 26 months after the execution of the new note. We note, however, that this writ had been issued on October 10, 1961, some 25 months before the execution of the new note, and it does not appear on this writ that any action was sought to be taken thereunder since June 12, 1962, about 13 months before the new note. There is no indication as to why there was this delay in the Sheriff’s Office prior to returning the writ unsatisfied, but we do not believe that this fact can lend much support to defendant’s assertion.
Nor can we attribute great significance to the fact that defendant maker Carlton Harris testified he was threatened with garnishment proceedings under the prior judgment, in May or June of 1965. We have no doubt that he did receive dunning calls from plaintiff. We have no doubt that legal action was indicated. However, it is a fact that at this time Carlton Harris had signed the new'note, was in default on his payments and not only had the present suit been filed but a default judgment had been entered against Harris on March 11, 1965. In this light we are hard pressed to conclude that plaintiff was seeking to enforce the prior judgment at this time.
Defendant-appellees contend further that the entire transaction was a nullity under LSA-C.C. Article 3082. That article provides:
“A transaction respecting a suit terminated by a judgment, which acquired the force of the thing adjudged, and of which the parties, or either of them, was ignorant, is null. If, however, the judgment is one from which there could be an appeal, the transaction is valid.”
We do not believe this article is applicable to the situation at hand. It is part of the Civil Code, Book III, Title XVII, “Of Transaction of Compromise.” Article 3071, the first Article in that title tells us that:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjitst their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be reduced into writing.”
The agreement in the instant case was no compromise of an existing dispute. The dispute had gone to final judgment, subject to execution, and both parties to that *460 suit were fully apprised of this fact. Whether the defendant-appellee-endorsers had any knowledge of this previously existing judgment is immaterial. They signed the note as accommodation endorsers, and it matters not whether they knew for what use the funds were to be put.
Defendant-appellee-endorscrs’ third argument is that they signed the note for the benefit of the payee, the plaintiff finance company, that the note has not been negotiated to a holder in due course, and thus that they are not liable to plaintiff under LSA-R.S. 7:64(3).
DSA-R.S. 7:64 provides in full:
“Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules:
(1) If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties.
(2) If the instrument is payable to the order of the maker or drawer, or is payable to bearer, he is liable to all parties subsequent to the maker or drawer.
(3) If he signs for the accommodation of the payee, he is liable to all parties subsequent to the payee.”
It does not appear from this record that the endorsers signed the note in blank before delivery, but assuming that they did, it appears to us that it is 7:64(2) which controls, inasmuch as the note is made payable to bearer, and that in such case the endorsers are liable to all parties, subsequent only to the maker, in this case Carlton Harris.
We cannot assume in any given case that an endorser signed for the accommodation of the lender, as opposed to the maker, for would the maker have been able to obtain funds without such endorsement? And if not, is not the endorsement to that extent for the accommodation of the maker ?
For the foregoing reasons the judgment of the Court below, in favor of the defendants, Benjamin Johnson, Veater Butler Johnson and Curry Chambers, and against plaintiff, CHF Finance Discount “A” Company, Inc., is reversed, and it is ordered, adjudged and decreed that judgment be entered herein in favor of plaintiff, CHF Finance Discount “A” Company, Inc., and against said defendants, Benjamin Johnson, Veater Butler Johnson and Curry Chambers, in solido, in the full sum of $1,162.00, with 8% per annum interest thereon from October 5, 1963 until paid, together with 25% attorney’s fees on principal and interest, and for all costs. In all other respects the judgment of the Court below is affirmed. All costs of these proceedings to be paid by defendant-appellees.
Reversed in part, affirmed in part, and rendered.