BLANCHE, Judge.
This is a devolutive appeal by plaintiff, Grand Isle Campsites, Inc., from a judgment dismissing its suit on a promissory note against defendant, Wendell P. Harris.
In answer to plaintiff’s petition defendant alleged that no consideration passed between plaintiff and defendant, no money was lent by plaintiff to defendant and the amount sued for was not owed by defendant. In answer to plaintiff’s *283 interrogatory No. 6, which requested defendant to state the purpose for his executing the note sued upon, defendant answered that the note arose out of his efforts as exclusive broker for plaintiff in promoting a speculative house on property in a subdivision located on Grand Isle, Louisiana, owned by plaintiff. Defendant further stated a builder agreed to furnish the improvements if the builder were furnished the lot. Defendant stated the property was placed in the name of Richard Cheek, and the consideration recited in the act of sale was $500 and other valuable considerations. Defendant further averred that the other consideration was the remaining $2,000 of the price represented by the note sued on which was to be paid one year from date or when the house and lot were sold. Defendant further answered that it was the intention of the parties that the note would not be paid until the house was sold, and the note was merely given to facilitate the promotional activities of the parties. Defendant stated in conclusion to his answer to this interrogatory that the house and lot had not been sold primarily due to plaintiff’s failure to provide streets and utilities for the subdivision which plaintiff promised to do. This same basis for defense to plaintiff’s suit is set forth in paragraph 2 of the Pre-trial Order (Pre-trial Stipulation). At the conclusion of the trial the Court rendered judgment dismissing plaintiff’s suit, stating in oral reasons that there was a “failure of consideration.” We affirm this judgment.
The pertinent portion of the trial court’s oral reasons for judgment rendered at the conclusion of the trial are reproduced below:
“* * * Apparently, from the evidence and the testimony, this whole controversy grew out of an effort by the plaintiff corporation and the defendant to promote the development of some acreage, promote the development and sale of some acreage at Grand Isle for commercial purposes, for promotional purposes, the defendant to be the real estate agent to help the corporation sell the subdivision lots as campsites which the corporation owned. And the evidence indicates that everybody was happy with each other and they did business, apparently on a rather informal basis at times. It is apparent, to this court at least, that there never was any real intention to sell this particular lot to Mr. Harris or to Mr. Cheek; that it was a promotional affair as part of the effort to successfully launch their subdivision; that the eventual purchase [purchaser] of the camp, when completed, would be the real party to pay for the proposed purchase price. The court finds from the evidence that there has been a failure of consideration insofar as Mr. Harris, the defendant, is concerned, in that, first, he would get no benefit as owner of the lot or purchaser of the lot except the general benefit that he was promoting the interest of the corporation in an attempt to collect the ten per cent real estate fee on anything sold. Further failure of consideration is that the corporation failed to put in utilities and improvements as were contemplated by all of the parties involved, and the evidence indicates that the failure to put in the improvements and utilities was probably one of the main reasons for the failure of the lots to sell in the subdivision. * * * the court finds that there is a failure of consideration and, accordingly, judgment will be rendered in favor of the defendant and against the plaintiff, the plaintiff to pay all costs of court. Judgement [sic] will be signed accordingly.” (Oral Reasons for Judgment, Record, pp. 73-75)
Plaintiff argues that the trial court essentially erred in two respects; namely, in finding that there was a “failure of consideration” and in not finding that defendant was an accommodation endorser on the note which forms the object of this suit.
*284 It is uncontroverted that plaintiff is not a holder in due course of the negotiable instrument sued on, and, in accordance with Louisiana Revised Statutes 7:28, “Absence or failure of consideration is a matter of defence as against any person not a holder in due course. * * * ” (Emphasis added)
The distinction between absence of consideration and failure of consideration has been summarized by the 4th Circuit Court of Appeal in Paletou v. Sobel, 185 So.2d 95 (La.App. 4th Cir. 1966), in the following manner:
“Defendant’s problem in establishing her defense on the notes arose partly because of her counsel’s confusion of lack or absence of consideration and failure of consideration in one allegation. Lack or absence of consideration occurs when there is inadequate or no consideration at the time the instrument is executed. Failure of consideration pertains to events which occur subsequent to the execution of the instrument — that is, some failure of the payee to perform the obligation for which the instrment [instrument] was given. Penn v. Burk, 244 La. 267, 152 So.2d 16 (1963); In re Keller’s Estate, 24 So.2d 833 (La.App.Orleans 1946). Both defenses were available, but the type of evidence by which lack or absence of consideration may be shown is limited by the parol evidence rule found in LSA-C.C. arts. 2236 and 2276. The notes on which the suit was brought were all identified on their face with authentic acts, signed by the defendant, which recited in full the agreement between the parties. Defendant cannot rely on parol evidence to vary the terms of the agreement in the absence of allegations of fraud or error. Penn v. Burk, supra; In re Keller’s Estate, supra.

“It appears that, on the pleadings then before the court, the only defense which defendant could have established by her own testimony was subsequent failure of consideration. It is clear from the discussion in the record among counsel and the court that defendant was attempting to show lack of consideration which of necessity would vary the terms of the authentic acts. The objection to the questions was well taken, and the evidence was properly excluded.”
 ' It appears from our review of the record in this case that similar confusion may have existed on the part of respective counsel. For example, as previously stated, defendant did not allege requisite facts supporting an affirmative defense of failure of consideration, and instead merely alleged in paragraph 6 of his answer facts pertaining to absence of consideration, parol evidence of which would have been properly objectionable as violative of the parol evidence rule, Louisiana Civil Code Articles 2236 and 2276. Similarly, evidence offered to support the unalleged affirmative defense of failure of consideration would have been objectionable; no such objection was raised, however, and the testimonial proof offered in support thereof without objection sufficed to enlarge the pleadings, Pace v. Rizzuto, 182 So.2d 809, 814 (La.App. 4th Cir. 1966).
 There having been no objection to the testimonial proof offered to substantiate a defense of failure of consideration and the concomitant enlargement of the pleadings resulting therefrom, we are satisfied the trial court committed no manifest error in holding there was a failure of consideration by virtue of the plaintiff’s failure “to put in utilities and improvements as were contemplated by all of the parties involved.” (Oral Reasons for Judgment, Record, p. 74) The record is replete with testimony to the effect that plaintiff agreed to improve the subdivision by construing streets and installing utilities therefor, as evidenced by the testimony of the defendant (Record, p. 46), the testimony of Richard Cheek (Record, p. 68) and the stipulated testimony of *285 the two builders of the speculative house erected on the lot made reference to in this litigation (Record, p. 59).
In fact, the record further contains unre-futed testimony to the effect that the lack of utilities and streets in the subdivision constituted the reason why the particular lot, made reference to in the note sued upon, together with the speculative house erected thereon has not been sold (Record, p. 59).
Plaintiff’s argument that defendant was an accommodation endorser with the result that failure of consideration would constitute no defense, citing CHF Finance Discount “A” Company v. Harris, 188 So.2d 457 (La.App. 4th Cir. 1966), is without merit inasmuch as defendant was the sole maker and obligor on the note in question, and, accordingly, is not an accommodation party as provided by Louisiana Revised Statutes 7:29.
Because our disposition of the foregoing issues warrants affirmation of the judgment dismissing plaintiff’s suit, we find it unnecessary to pass upon the trial court’s holding of absence of consideration as distinguished from failure of consideration.
The judgment appealed from is affirmed, with all costs assessed to appellant.
Judgment affirmed.