394 So.2d 701 (1981)
GUARANTY BANK & TRUST COMPANY OF ALEXANDRIA, LOUISIANA, Plaintiff-Appellee,
v.
Eddie CARTER, Defendant,
and
J. W. Slocum, Defendant-Appellant.
No. 7976.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
*702 Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendant-appellant.
Provosty, Sadler & deLaunay, LeDoux R. Provosty, Jr., Alexandria, for plaintiff-appellee.
Eddie Carter, Jr., in pro. per.
Before GUIDRY, STOKER and DOUCET, JJ.
DOUCET, Judge.
This is a suit on a promissory note instituted by plaintiff, Guaranty Bank & Trust Company of Alexandria, Louisiana, holder and payee of a note dated February 22, 1978 in the principal sum of $51,820.18, payable 90 days after date with interest at the rate of 8% per annum from maturity until paid and 25% attorney's fees on principal and interest. The note was co-signed by Eddie Carter, the principal maker, and J. W. Slocum, an accommodation party.
Suit was filed against Carter and Slocum on October 24, 1978. Carter failed to answer, and on September 24, 1979, a preliminary default was entered against him. Slocum answered, denying that he was indebted to plaintiff, and filed a reconventional demand against the bank and a third party demand against one of its officers, Gwin LeBlanc, seeking indemnification for any judgment rendered against him. Following a trial, judgment was rendered in favor of the bank and against Carter and Slocum in solido in the amount prayed for. From that judgment, Slocum appeals.
The default judgment against Carter was confirmed at the trial and is now final. The only issue on appeal is the liability of the accommodation party, J. W. Slocum.[1]
The record shows that the note sued upon was executed in connection with a series of loans, which Eddie Carter obtained to purchase automobiles for the inventory of his *703 used car business. J. W. Slocum became an accommodation party because the bank would not lend money to Carter on his signature alone. Slocum alleged in his pleadings that his agreement to become bound with Carter was based on assurances made by Gwin LeBlanc, one of the bank's vice-presidents. He alleged that LeBlanc agreed to retain the titles to the automobiles that Carter purchased until he sold them and applied the proceeds of the sale to his indebtedness.
At the trial, Slocum attempted to prove by parol evidence that this collateral agreement had been made and that LeBlanc had breached it by releasing titles to Carter without receiving payments from him. The evidence was entered into the record as an offer of proof, but it apparently was not considered by the trial judge in reaching his decision. On appeal, Slocum argues that the trial judge erred in excluding the parol evidence and in failing to find that Le-Blanc's breach of the alleged agreement resulted in a failure of the consideration for his signing the note.
We find no merit in this argument. Under the facts set out above, the affirmative defense of failure of consideration is clearly inappropriate. No consideration actually flows to an accommodation party. Cameron Brown South, Inc. v. East Glen Oaks, 341 So.2d 450 (La.App. 1st Cir. 1976); CHF Finance Discount "A" Company v. Harris, 188 So.2d 457 (La.App. 4th Cir. 1966). An accommodation party stands in the shoes of the maker, and if the maker could show failure of the consideration flowing to him, then so can those sought to be held as accommodation parties. Fidelity National Bank of Baton Rouge v. Mills, 351 So.2d 800 (La.App. 1st Cir. 1977); CHF Finance Discount "A" Company v. Harris, supra. However, the fact that consideration does not flow to the accommodation party personally is no defense.
What Slocum has attempted to prove is that the bank has impaired collateral for the instrument, such that he was discharged from his obligation. LSA-R.S. 10:3-606. However, he was precluded from using parol evidence to do so. The note specifically provides that it is unsecured, and parol evidence is inadmissible to vary the terms of a written instrument. LSA-C.C. Art. 2276.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant-appellant, J. W. Slocum.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.
STOKER, J., concurs for the reasons assigned by GUIDRY, J.
GUIDRY, Judge, concurring.
Although I agree that parole evidence is inadmissible to support a defense of "failure of consideration" urged by an accommodating party where the record reflects that consideration has flowed to the maker, I cannot agree that the parole evidence offered in this case was totally inadmissible. In my view, although inadmissible to establish failure of consideration or that the bank impaired collateral, such that the accommodating party's obligation was discharged, the evidence offered was admissible to prove that the note was only a part of an entire oral contract between the bank and Slocum. See Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965). I concur in the result reached however, because my examination of the record reflects that the defendant, reconvenor and third party plaintiff, clearly failed to establish by a preponderance of the evidence that Mr. Gwin LeBlanc, Vice-President of the defendant Bank, agreed individually or on behalf of the Bank to retain the titles to the automobiles that Carter purchased until he sold them. The record reflects that Slocum became fully aware that the bank had not retained the car titles, as the bank allegedly agreed to do, by mid-summer of 1977. In spite of this knowledge, Slocum subsequently executed without complaint or protest several renewal notes culminating with the note of February 22, 1978. This circumstance strongly *704 corroborates the fact that no such agreement existed. Further, in my opinion, the subsequent execution by Slocum of these renewal notes without complaint or protest constituted an effective waiver by him of any rights which he may have enjoyed under any such verbal arrangement. See First National Bank in Center, Texas v. Reglin, 266 So.2d 252 (La.App. 2nd Cir. 1972).
For the above and foregoing reasons I respectfully concur.
NOTES
[1] The Judgment of the trial court was silent with regard to Slocum's reconventional and third party demands, and this silence constitutes a rejection of those demands. LSA-C. C.P. Art. 1915; LeNy v. Friedman, 372 So.2d 721 (La.App. 4th Cir. 1979); Hebert v. Valenti, 235 So.2d 193 (La.App. 4th Cir. 1970); This portion of the judgment has not been appealed. It has therefore become final, and it is not before this Court.