LMcCLENDON, J.
By this appeal, Louisiana Casino Cruises, Inc. contests a judgment granting a motion for attorney’s fees. For the following reasons, we vacate the judgment of the trial court.
This dispute arises out of a lease agreement entered into by Louisiana Casino Cruises and Capitol Lake Properties, Inc., whereby Capital Lake leased to Louisiana Casino Cruises a certain piece of immovable property on which Louisiana Casino Cruises’ business enterprise, Casino Rouge, is located. On August 6, 2001, Louisiana Casino Cruises and Penn Na *785 tional Gaming, Inc., Louisiana Casino Cruises’ parent company, filed the instant action for preliminary and permanent injunctions, seeking to require Capital Lake to consent to the mortgage of the leasehold interest. Louisiana Casino Cruises and Penn also sought attorney’s fees as provided for in the lease agreement. Capital Lake answered the lawsuit with a general denial and also sought to recover attorney’s fees under the lease.
The trial judge heard the matter on November 8 and 9, 2001 and, in oral reasons for judgment given on November 9, 2001, stated that he would deny the injunc-tive relief and that he intended to address the issue of attorney’s fees at a later date. On November 21, 2001, the trial court rendered judgment in favor of Capital Lake and against Louisiana Casino Cruises and Penn, denying all injunctive relief. That judgment was silent as to the issue of attorney’s fees.[1]
Louisiana Casino Cruises appealed the November 21, 2001 judgment. This court affirmed that judgment on February 14, 2003. Louisiana Casino Cruises, Inc. v. Capital Lake Cruises, Inc., 02-0364 (La.App. 1 Cir.2/14/03), 845 So.2d 447. Louisiana Casino Cruises did not seek a writ of review by the Louisiana Supreme Court, and the judgment became final on March 14, 2003.
On September 26, 2003, Capital Lake filed a motion to determine attorney’s fees in the trial court. The matter was set for hearing on February 2, [s2004. On February 10, 2004, the trial court awarded Capital Lake $137,000 in attorney’s fees, costs and interest. Louisiana Casino Cruises appeals that judgment.
Initially, Louisiana Casino Cruises contends that- the trial court was without jurisdiction to render the judgment of February 10, 2004. We agree. LSA-C.C.P. art. 2008 provides that, in a devolutive appeal as was taken herein, the jurisdiction of the trial court is divested when the appeal has been perfected by the granting of the order of appeal. Once a timely appeal is filed, the trial court retains jurisdiction over a judgment on appeal only over “matters not reviewable under the appeal.” LSA-C.C.P. art. 2088. Therefore, once the trial court granted the appeal of the November 21, 2001 judgment, the trial court was divested of jurisdiction and had no authority to render the judgment of February. 10, 2004 unless the judgment concerned issues not reviewable on appeal. ' Clearly, the issue of an award of attorney’s fees was part of the main demand and part of Capital Lake’s reconventional demand. Therefore, that issue was reviewable on the appeal of the judgment of November 21, 2001, and the trial court lacked jurisdiction to address that issue in the subsequent judgment of February 10, 2004.
Furthermore, the February 2, 2004 judgment constitutes a substantive change on the original judgment of November 21, 2001 in violation of LSA-C.C.P. art. 1951. LSA-C.C.P. art. 1951 provides as follows:
A final judgment may be amended by the trial court at any time, with or without notice, or on its own motion or on the motion of a party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
*786 A judgment may be amended where the amendment takes nothing from or adds to the original judgment. Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). In the absence of a timely application for a new trial, a trial court cannot alter the substance of its judgment. South Louisiana Bank v. White, 577 So.2d 349, 350 (La.App. 1 Cir.1991); Mitchell v. Louisiana Power & Light Co., 380 So.2d 743, 745 (La.App. 4 Cir.1980). The award of attorney’s fees affects the substantive rights of the parties. Perrodin v. Southern Siding Co., Inc., 524 So.2d 885, 890 (La.App. 3 Cir.1988).
Capital Lake failed to timely move for a new trial, appeal the judgment of the trial court, or answer the appeal of Louisiana Casino Cruises. The original judgment became final of March 14, 2003. Therefore, as a substantive change to the judgment of November 21, 2001 is prohibited, Capital Lake was not entitled to attorney’s fees.[2]
For the foregoing reasons, the judgment of February 10, 2004 is declared null and void and vacated. Costs are assessed against Capital Lake Properties, Inc.
JUDGMENT OF FEBRUARY 10, 2004 VACATED.

. When a trial judge’s oral reasons conflict with his written, signed judgment, the latter governs. Northshore Capital Enterprises v. St. Tammany Hosp. Dist. No. 2, 01-1606, p. 4 (La.App. 1 Cir. 6/21/02), 822 So.2d 109, 112, writ denied, 02-2023 (La.11/1/02), 828 So.2d 584.

. In a supplemental brief filed with this court, Capital Lake asserts that the hearing conducted on November 8 and 9, 2001 was a summary proceeding addressing solely the issue of whether the trial court should issue a preliminary injunction. Capital Lake contends that, therefore, the issue of attorney’s fees recoverable pursuant to a contractual provision, which requires an ordinary proceeding, could not have been before the trial court at that hearing. A review of the record shows that this is clearly not the case herein. The pleadings reflect that the issues concerning the grant of a permanent injunction, the grant of a preliminary injunction and the right to obtain attorney's fees, by either party, were before the court at trial in November of 2001 and disposed of in an ordinary proceeding. Furthermore, Capital Lake waived any objection to the alleged improper cumulation of these actions, a dilatory exception, by failing to file a dilatory exception of improper cumu-lation of actions. See LSA-C.C.P. art. 928.
Additionally, considering the foregoing, the additional issues raised on appeal by Louisiana Casino Cruises are pretermitted.