# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-640


MARCELLE ANDERSON STELLY

VERSUS

MICHAEL STELLY


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 63195
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.


**AFFIRMED.**


Roger Chadwick Edwards, Jr.
Edwards & Edwards
P. O. Box 217
Abbeville, LA 70511-0217
Telephone:  (337) 893-2884
COUNSEL FOR:
    Defendant/Appellant - Michael Stelly


Anthony Jerome Fontana, Jr.
210 North Washington Street
Abbeville, LA 70510
Telephone:  (337) 898-8332
COUNSEL FOR:
    Plaintiff/Appellee - Marcelle Anderson Stelly

**THIBODEAUX, Chief Judge.**

The defendant-appellant, Michael Stelly, filed an exception of no cause of action in September 2006 against the plaintiff-appellee, Marcelle Stelly, when she requested a hearing on remaining issues in her earlier-filed rule on various child support issues. Michael Stelly contends that because the issue of past due support was resolved in a hearing and a consent judgment signed the year before, the consent judgment terminated all other causes of action asserted in Marcelle's original rule, even though the other issues were not addressed at the hearing or in the consent judgment. The trial court set a new hearing, denied Michael's exception, and issued a judgment granting Marcelle relief on all remaining issues in her rule. On the issue of an increase in child support, the trial court granted the increase and made it retroactive to the filing date of the rule, June 21, 2005.

I.

**ISSUE**

Where multiple issues in a domestic case are set for hearing, and only one of the issues is addressed at the hearing and resolved by a consent judgment, does the resolution of one issue by judgment operates to terminate all other pending issues?

II.

**FACTS**

Michael Stelly was behind in his child support obligation of $250.00 per month. In June of 2005, Marcelle Stelly filed a "Rule for Past Due Support, Contempt, Attorney's Fees, Increase in Child Support and Income Assignment." At the August 2005 hearing, Marcelle and Michael consented to a judgment ordering Michael to pay past due child support of $3,150.00 by paying $750.00 up front and by having $500.00 per month ($250.00 for the original obligation, plus $250.00

toward the arrearage) deducted from Michael's paycheck until the past due child support obligation was satisfied. No other issues were addressed at the hearing.

Likewise, the resulting consent judgment addressed only the past due support and did not address the parts of Marcelle's motion asking for damages for contempt of court, attorney fees, and an increase in future support payments. In August 2006, Marcelle asked for a hearing on these remaining issues. Michael filed an exception of no cause of action, arguing that the consent judgment of August 2005 terminated all issues before the court at that time, and that the judgment's silence on certain issues was deemed a denial of the relief sought on those issues. Marcelle argues that the law requiring that all issues be raised or abandoned specifically excludes divorce, custody, visitation, and child support actions.

The trial court denied Michael's exception and, based upon calculations and stipulations entered at a Hearing Officer Conference the previous week, issued a judgment increasing Michael's child support payments retroactive to June 21, 2005, the date of the filing of Marcelle's rule for an increase. The trial court's judgment also ordered an income assignment for the new amounts and the resulting arrearages, and it ordered Michael to pay Marcelle $500.00 in attorney fees.

III.

## LAW AND DISCUSSION

In the present case, Michael contends that the trial court erred in granting a judgment on a motion that had been previously compromised by a consent judgment. He cites *Duhon v. Lafayette Consol. Government*, 05-657 (La.App. 3 Cir. 12/30/05), 918 So.2d 1114, for the proposition that once a claim or cause of action has been reduced to judgment, all other issues which were raised or could have been raised are conclusively resolved. Michael then cites *Guaranty Bank & Trust Co. of*

2

*Alexandria, La. v. Carter*, 394 So.2d 701 (La.App. 3 Cir.), *writ denied,* 399 So.2d 599 (La.1981), and various cases for the proposition that a judgment that is silent as to part of the relief requested is deemed to have denied that relief.

In the first argument, Michael is essentially asserting the doctrine of *res judicata*, as he states that "the very issue later litigated was the focus of the [previous] hearing." This statement is factually incorrect. The motion filed by Marcelle in June of 2005 was entitled "Rule for Past Due Support, Contempt, Attorney's Fees, Increase in Child Support and Income Assignment." A hearing was set for the rule, but the only part of the rule that was actually addressed at the August 2005 hearing was the issue of past due support, and an income assignment was ordered as to the issue of support already due. The remaining issues of damages for contempt of court, attorney fees, and an increase in future child support payments were raised in the rule but not addressed or litigated at the first hearing in 2005. Therefore, these issues were neither omitted from the rule nor later re-litigated, which are the situations generally covered by the laws of *res judicata.*

More specifically, *res judicata* has two different aspects: (1) foreclosure of relitigating matters that have never been litigated but should have been advanced in an earlier suit, and (2) foreclosure of relitigating matters that have been previously litigated and decided. La.R.S. 13:4231; La.Code Civ.P. art. 425; *Stroscher v. Stroscher,* 01-2769 (La.App. 1 Cir. 2/14/03), (La.App. 1 Cir. 2003), 845 So.2d 518. The *res judicata* doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. *Id.* In general, La.R.S. 13:4231 and La.Code Civ.P. art. 425 preclude the same parties from bringing multiple suits on the same issues by requiring them to state all causes of action in one suit arising from an event, and by disallowing the relitigation of a particular issue in

3

subsequent suits when that issue was actually litigated. However, both statutes have exclusions for divorce actions and the matters incidental to divorce. Specifically, the pertinent law states as follows:

> La.R.S. 13:4231. Res judicata
>
> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue *actually litigated and determined if its determination was essential to that judgment*. (Emphasis added)
>
> La.R.S. 13:4232. Exceptions to the general rule of res judicata
>
>  . . . .
>
> B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105 [custody, visitation, child support, spousal support, injunctive relief, use of property issues], in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action *actually adjudicated*. (Emphasis added)
>
> La.Code Civ.P. art. 425. Preclusion by judgment
>
> A. A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.

4

B. Paragraph A of this Article shall not apply to an action for divorce under Civil Code Article 102 or 103, an action for determination of incidental matters under Civil Code Article 105, an action for contributions to a spouse's education or training under Civil Code Article 121, and an action for partition of community property and settlement of claims between spouses under R.S. 9:2801.

Marcelle argues that there is good reason for the exception in domestic cases because domestic matters are tried over time, and issues of support and custody are important and cannot wait for all other rules to be prepared. She further argues that in the present case, Michael had not provided her with his current wage information at the time of the first hearing. Therefore, an increase of child support could not be addressed at that time, while the arrearage, the income assignment, and the additional $250.00 per month toward the arrearage were ready to go forward, and indeed had been recently agreed upon pursuant to an earlier conference. She asserts that the exclusion for domestic matters was added to Article 425 to assist those in need of support.

We find no need to conduct exhaustive research into the legislative intent of La.Code Civ.P. art. 425 and La.R.S. 13:4231-32 in order to agree with Marcelle on that point. The very existence of interim support is an illustration of the urgency with which the courts treat the welfare of children. It is well-settled that child support issues revolve around the best interests of the children involved, and that the children's needs, as well as the parents income, are ever-changing factors in determining support, leading to repetitive calculations, the separation of issues, and the resetting of hearings in this area of the law. Accordingly, we find no error on the part of the trial court in setting a new hearing on the remaining issues not litigated or adjudicated in the first hearing, nor in the resulting judgment of September 2006.

IV.

## **CONCLUSION**

Based upon the foregoing, we affirm the judgment of the trial court.

**AFFIRMED.**