NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-1237

JAMES NORMAN THOMPSON

VERSUS

CHRYSTAL LANDRY THOMPSON

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 223,238
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell, and Phyllis M. Keaty, Judges.

RULE RECALLED.
MOTION TO DISMISS APPEAL AND REQUEST FOR ATTORNEY FEES DENIED.

Rodney Marchive Rabalais
Rabalais & Roy
Post Office Box 447
Marksville, LA 71351
(318) 253-4622
COUNSEL FOR PLAINTIFF/APPELLEE:
    James Norman Thompson

**Koby D. Boyett**
**Attorney at Law**
**Post Office Box 12746**
**Alexandria, LA 71315**
**(318) 481-2242**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Chrystal Landry Thompson**

**SAUNDERS, Judge.**

This court issued a rule for defendant-appellant, Chrystal Landry Thompson, to show cause, by brief only, why her appeal should not be dismissed as taken with an order of appeal which was annulled. In response, Chrystal filed a brief opposing the dismissal. For the reasons given below, we maintain the appeal, recall the rule, and deny appellee, James Norman Thompson's, motion to dismiss the appeal and request for attorney fees.

Chrystal and James, a previously-married couple, went through a divorce and, in that process, reached a settlement agreement that partitioned their community property. The trial court homologated that agreement in August of 2010. In August of 2011, Chrystal filed a petition to annul the judgment homologating the partition, to rescind the partition agreement, and for damages for fraud, non-disclosure, and ill practices.

James filed an exception of prescription and requested attorney fees, and, in July of 2013, the trial court held a hearing. James asserted entitlement to the attorney fees based on La.Code Civ.P. art. 2004(C).[1] After the arguments on the merits of the exception, the following exchange took place:

> MR. RABALAIS [James's attorney]: Well, then this moves to the Motion for Summary Judgment if that would be the case. But if you're dismissing the whole thing, I'm happy with that, obviously.
> THE COURT: All right.
> MR. RABALAIS: And reserve the right to come back for attorney's fees. And assessment of costs?
> THE COURT: Both parties, half and half.
> MR. RABALAIS: Thank you, Your Honor.

---

[1] That section reads: "[t]he court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these [fraud or ill practices] grounds."

On August 7, 2013, James filed a motion for attorney fees, and the trial court set a hearing on the motion for September 16, 2013. On August 12, 2013, the trial court signed a written judgment specifying that it granted James's exception of prescription, dismissed all of Chrystal's claims against James with prejudice, and ordered the court costs to be equally divided between the parties. The judgment is completely silent on the issue of attorney fees.

On August 22, 2013, Chrystal filed a motion for devolutive appeal in which she stated that she "wishes to appeal the judgment designated as a final judgment for appeal purposes." The trial court signed the order of appeal on August 26, 2013, and the record was transmitted to this court.

On September 9, 2013, Chrystal filed a memorandum in response to James's motion for attorney fees in which she argued that the trial court lacked jurisdiction to decide this issue because the trial court has already issued an order of appeal. Apparently, the trial court conducted a hearing on the motion for attorney fees on September 16, 2013, but made no ruling.[2] On September 23, 2013, James filed a motion to annul the order of appeal based on fraud and requested attorney fees. James argued that Chrystal's motion for appeal, which stated that the trial court issued a judgment designated as a final judgment for appeal purposes, was a misrepresentation as the court made no such designation. On October 14, 2013, the trial court conducted a hearing on the motion to annul, after which, the trial court annulled the order of appeal. Despite this annulment, the record in this matter was transmitted to this court, and James filed a motion to dismiss the appeal.

---

[2] No transcript of that hearing is in the record transmitted to this court, but the court minutes indicate that there was a hearing.

The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal . . . .

La.Code Civ.P. art. 2088(A). Thus, the grant of an order of appeal perfects a devolutive appeal. The trial court has no jurisdiction to rescind/dismiss/annul a perfected appeal, except under limited circumstances. *See David v. David*, 13-171 (La.App. 3 Cir. 6/19/13), 115 So.3d 1277; La.Code Civ.P. art. 2088.

It is clear from La.Code Civ.P. art. 2088(A) that the trial court retains jurisdiction to adjudicate matters not reviewable under the appeal, and the statute provides a list of actions the trial court may perform. On the other hand, it is a well-established rule that when "a judgment is silent as to part of the relief requested, the judgment is deemed to have denied that relief." *Duhon v. Lafayette Consol. Gov't,* 05-657, p. 11 (La.App. 3 Cir. 12/30/05), 918 So.2d 1114, 1120 (citing *Guar. Bank & Trust Co. of Alexandria, La. v. Carter,* 394 So.2d 701 (La.App. 3 Cir.), *writ denied,* 399 So.2d 599 (La.1981)). Thus, the question presented to this court is whether the issue of attorney fees is reviewable on appeal.

We note that under La.Code Civ.P. art. 2088(A)(10), the trial court retains jurisdiction to assess and tax costs and expert witness fees after it grants the order of appeal. Nevertheless, attorney fees are not costs or expert witness fees and have been distinguished therefrom by our sister-jurisdictions. *See Pointe Coupee Elec. Membership Corp. v. Mounger,* 447 So.2d 1104 (La.App. 1 Cir. 1984); *Dixie Servs., L.L.C. v. R & B Falcon Drilling USA, Inc.,* 05-1212 (La.App. 4 Cir. 3/21/07), 955 So.2d 214, *writ denied,* 07-801 (La. 6/1/07), 957 So.2d 182.

Where the plaintiff sued and sought attorney fees based on contractual provisions, the trial court denied the main demand and, in oral reasons for judgment, stated that it would address the attorney fees at a later date, and the court's written judgment was silent regarding attorney fees, the appellate court held that the trial court had no jurisdiction to adjudicate attorney fees at a later date. *La. Casino Cruises, Inc. v. Capitol Lake Props., Inc.*, 04-882 (La.App. 1 Cir. 3/24/05), 915 So.2d 784. The court reasoned that because the issue of attorney fees was part of the main demand and a part of the reconventional demand in the matter, the issue was reviewable on appeal of the judgment which denied the main demand. (*See also Dixie Servs., L.L.C.*, 955 So.2d 214, holding that the trial court denied attorney fees, making the denial reviewable on appeal, where the plaintiff alleged that the parties stipulated, and the trial court agreed, to defer the issue of attorney fees until after the judgment on the merits, but did not cite to the record to evidence this assent).

Where in 2010 the trial court signed a judgment on the jury verdict and the judgment included a statement that "[i]njunctive relief and other collateral issues will [be] submitted to the Court for judgment at a later date," the 2010 judgment went through the appellate process, and in 2013 the trial court singed a second judgment granting a permanent injunction and attorney fees, this court concluded that res judicata did not bar the 2013 judgment. *Siemens Water Techs. Corp. v. Revo Water Sys., LLC*, 13-631 (La.App. 3 Cir 1/8/14), ___ So.3d ___. This court found that the "exceptional circumstances" of the case warranted an application of the exception to res judicata, and proceeded to review the appeal. This court found that the trial court's explicit reservation of certain issues in its 2010 judgment was paramount to its decision.

4

Here, like in *La. Casino Cruises, Inc.*, 915 So.2d 784, the issue of attorney fees was presented to the trial court: James's motion scheduled for a hearing in July of 2013, requested two things from the court, the grant of his peremptory exception of prescription and the grant of attorney fees pursuant to La.Code Civ.P. art. 2004(C). The hearing on this motion focused on the exception of prescription. At the end of this hearing, James's attorney made a statement regarding reservation of a right to come back for attorney fees. Unlike the trial court in *La. Casino Cruises, Inc.*, 915 So.2d 784, which specifically stated that it intended to address the attorney fees issue at a later date, the court here did not respond in any manner to James's attempted reservation of the right to come back for attorney fees. Thus, in this case, there is an even greater reason to deem denied James's request for attorney fees.

Like the trial court's written judgment in *La. Casino Cruises, Inc.*, 915 So.2d 784, the written judgment here is silent on the issue of attorney fees. Based on these considerations, we deem that the relief James requested has been denied, and the trial court's judgment of August 12, 2013, is a final judgment. *See Duhon*, 918 So.2d 1114. Therefore, we conclude, as the first circuit did in *La. Casino Cruises, Inc.*, 915 So.2d 784, that the issue of attorney fees is reviewable on appeal, and, therefore, the trial court is without jurisdiction to decide it.

We find that our reasoning in *Siemens*, ___ So.3d ___, is inapplicable to the factual circumstances of this case. Furthermore, we find that even if *Siemens* were applicable, it is distinguishable. Unlike the res judicata issue in *Siemens*, the issue here, while similar, is not that of res judicata, and, therefore, the exceptions applicable to the doctrine of res judicata do not apply in this case. Moreover, in *Siemens,* the written judgment expressly stated that the issues of attorney fees and

5

the permanent injunction will be addressed in another judgment at a later date. Therefore, the judgment at issue in *Siemens* was *not* silent as to part of the relief requested, and, therefore, could not be deemed to have denied that relief.

Furthermore, we conclude that Chrystal perfected her appeal when the trial court signed the order of appeal. At that point, the trial court was divested of its jurisdiction and could not annul or rescind the perfected appeal. *See David v. David*, 13-171 (La.App. 3 Cir. 6/19/13), 115 So.3d 1277. Because this court concludes that the trial court issued a final and appealable judgment on August 12, 2013, James's allegations of fraud are without merit.

**<u>RULE RECALLED.</u>**
**<u>MOTION TO DISMISS APPEAL AND REQUEST FOR ATTORNEY FEES DENIED.</u>**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal